IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00629-MSK-MEH

TEXTRON FINANCIAL CORPORATION,

    Plaintiff,

v.

JEFFREY M. FENTON and
KIMBERLY V. FENTON,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiff's Motion for Default Judgment against Defendants Jeffrey M. Fenton and Kimberly V. Fenton [filed April 21, 2011; docket #9]. The motion is referred to this Court for recommendation. (Docket #11.) For the reasons stated below and the entire record herein, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

## BACKGROUND

**I.     Findings of Fact**

1. On or about May 24, 2006, Defendants, citizens of New Jersey, signed a promissory note in the amount of $368,000 payable to Esperanza Resort Phase II, S. de R.L.DCV. (Docket #1 at 2; docket #9-3 at 1.)

2. Consistent with the terms of the note, it was first endorsed to Esperanza Capital Partners, LLC and then to Textron Financial, the Plaintiff. (Docket #1 at 1-2; docket #9-3 at 7.)

3. Plaintiff is incorporated in Delaware, and its principal place of business is in Rhode Island. (Docket #1 at 1.)

4. Defendants defaulted on the note. Thus, under the terms of the note, the entire unpaid principal, accrued interest, and late charges are due in addition to any reasonable attorneys' fees and costs relevant to the collection of that amount. (Docket #1 at 2; docket #9 at 2.)

5. As of April 14, 2011, Defendants owed $341,414.97 in unpaid principal and $21,623.07 in unpaid accrued interest, with interest accruing at the rate of $84.47 *per diem* (or 9.03% *per annum*). (Docket #9-3 at 2, 3 (promissory note); *see also* docket #1 at 3.)

6. Plaintiff represents it has incurred $3,267.00 in attorney's fees and $412.82 in costs in the prosecution of this action. (Docket #9 at 3; docket #9-4 at 1.)

**II.    Procedural History**

On March 14, 2011, Plaintiff initiated this action by filing a "Complaint On Promissory Note." (Docket #1.) Plaintiff brings this lawsuit pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a) and alleges a breach of contract by Defendants. The Complaint was personally served on Defendant Kimberly V. Fenton at her home on March 16, 2011. (Docket #9-2 at 2.) At the same time, she also received service for Defendant Jeffrey M. Fenton, with whom she resided. (Docket #9-1 at 2.) After Defendants failed to answer on April 6, 2011, Plaintiff filed the motion at hand on

April 21, 2011. (Docket # 9.) The Clerk of Court entered default against both Defendants on April 22, 2011. (Docket #10.) Plaintiff seeks judgment against Defendants on the defaulted note for the full amount of the unpaid principal, accrued interest and the reasonable costs and fees for collection.

## **LEGAL STANDARD**

Default judgment may be entered against a party who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55. After an entry of default, a defendant cannot defend a claim on the merits. *See Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (court declined to evaluate a merits argument after the entry of a default judgment); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002) ("A default judgment is unassailable on the merits." (quotation omitted)); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1414 (9th Cir. 1990) ("[A] default judgment generally precludes a trial of the facts except as to damages." (citation omitted)).

Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment. *See McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008) (citing *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994)). In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true. *Vibe Technologies, LLC v. Suddath*, No. 06-cv-00812-LTB-MEH, 2009 WL 2055186, at *1 (D. Colo. July 10, 2009) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)). In addition, the court accepts the undisputed facts set forth in the affidavits and exhibits. *Deery Am. Corp. v. Artco Equip. Sales, Inc.*, No. 06-CV-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001). A trial court is vested with broad

discretion in deciding whether to enter a default judgment. *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("upon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof.").

The Court may conduct a hearing in its adjudication of a motion for default judgment. Fed. R. Civ. P. 55(b)(2). A court need not conduct such a hearing, in regards to damages, "only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held v. Shelter Sys. Group Corp.*, 16 F.3d 416, 1994 WL 47157, at *1 (10th Cir. 1994) (unpublished) (citing *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985)). Here, the Court concludes that the promissory note itself, in addition to the sworn declaration presented by Plaintiff (both further analyzed below), demonstrate that the jurisdictional requirements for default judgment are satisfied, and the damages amount is mathematically calculable. Thus, the Court believes a hearing is unnecessary and would only serve to increase the costs and fees already incurred in the prosecution of this action. The Court makes its recommendation on the record alone.

## ANALYSIS

With the preceding legal standards in mind and before considering whether damages are to be assessed in this case, the Court addresses whether Plaintiff has established jurisdiction and whether its claim states a legal basis for relief.

**I.     Jurisdiction**

In determining whether entry of default judgment is warranted, the court must first consider personal and subject matter jurisdiction. *See, e.g., Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment). "Rule 4 service of process provides the mechanism by which a court having

venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assos. v. F.D.I.C.*, 969 F.2d 940, 943 (10th Cir. 1992) (citing *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction, and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); *see also United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction"). The Court will first address personal jurisdiction, then subject matter jurisdiction, and finally the assertion of jurisdiction through service of process.

### A.     *Personal Jurisdiction*

Plaintiff brings its action pursuant to 28 U.S.C. § 1332(a). (Docket #1 at 2.) A federal court sitting in diversity may only assert personal jurisdiction over a defendant if two criteria are met. "First, a federal district court may only exercise personal jurisdiction over a defendant 'who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located.'" *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (quoting Fed. R. Civ. P. 4(k)(1)(A)). Second, an exercise of personal jurisdiction under state law must comport with the Fourteenth Amendment's due process clause. *Botefuhr*, 309 F.3d at 1271. In Colorado, only the second inquiry is necessary because the Colorado long-arm statute "confer[s] the maximum jurisdiction permitted by the due process clauses of the United States and Colorado constitutions," and its requirements are necessarily addressed under a due process analysis. *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005).

"Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Hunger U.S. Special Hydraulics Cylinders Corp. v.*

5

*Hardie-Tynes Mfg. Co.*, 203 F.3d 835, 2000 WL 147392, at *2 (10th Cir. 2000) (unpublished) (citing *Ins. Corp. of Ireland, v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982)). "A variety of legal arrangements have been taken to represent express or implied consent to the personal jurisdiction of the court." *Ins. Corp. of Ireland*, 456 U.S. at 703-04. In particular, "parties to a contract may agree in advance to submit to the jurisdiction of a given court." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202 (10th Cir. 1986) (citing *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964)).

The promissory note signed by both Defendants states that it "shall be governed by, construed under and enforced in accordance with the laws of the State of Colorado," and that "each maker and note holder hereby irrevocably submits itself . . . to the process, jurisdiction, and venue of the courts of the United States District Court for the District of Colorado, for purposes of suit, action, or other proceeding arising out or for related to this note." (Docket #9-3 at 5, 6.) Pursuant to the plain language of the contract at issue, the Court determines it has personal jurisdiction over Defendants.

### B.     *Subject Matter Jurisdiction*

Subject matter jurisdiction, for the purposes of a case brought in diversity, exists if the amount in controversy exceeds $75,000 and there is diversity of citizenship. 28 U.S.C. § 1332(a)(1). In order for citizenship to be diverse, "all parties on one side of the litigation [must be] of a different citizenship from all parties on the other side of the litigation." *Depex Reina 9 P'ship v. Texas Int'l Petroleum*, 897 F.2d 461, 463 (10th Cir. 1990). A corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Plaintiff explains it is a corporation organized under the laws of the State of Delaware and that its principal place of business is in the State of Rhode Island. (Docket #1 at 1.) Plaintiff

6

asserts that Defendants are citizens and residents of the State of New Jersey. (*Id.*) Plaintiff seeks a judgment in the amount of $341,414.97 for the principal balance due to it under the contract plus interest on that balance, attorneys' fees, and costs. (*Id*. at 2.) Accepting Plaintiff's allegations as true, the Court finds that subject matter jurisdiction is proper.

### C. *Service of Process*

"[S]ervice of process under Fed. R. Civ. P. 4 provides the mechanism by which a court . . . asserts jurisdiction over the person of the party served." *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 797 (10th Cir. 2008) (quoting *United States v. Bigford*, 365 F.3d 859, 865 (10th Cir. 2004)). An individual may be served in a judicial district of the United States by "delivering a copy of the summons and of the complaint to the individual personally" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2).

An affidavit of service on Defendants was filed on March, 17, 2011, showing that Defendants were served by delivering true copies of the summons and complaint for both Defendants to Defendant Kimberly V. Fenton at Defendants' residence. (Dockets ##3, 4; *see also* docket #9-2 at 2.) The Court finds that Plaintiff properly served Defendants pursuant to Rule 4(e).

For the reasons stated above, the Court concludes it may exercise personal jurisdiction over these Defendants and subject matter jurisdiction over this case.

## II. Claim for Relief

In its complaint, Plaintiff claims that Defendants breached the parties' contract and are jointly and severally liable for the unpaid remaining amount of the principal due on the note ($341,414.97), accrued interest at the contract rate of 9.03% *per annum* (dated from March 11, 2011, through the date of judgment; calculated as $84.47 *per diem*), statutory post-judgment interest, and attorneys' fees and costs. (Docket #1 at 3.) In the motion, Plaintiff requests judgment in its favor in the

amount of the unpaid principal, unpaid accrued interest, and attorneys' fees and costs. (Docket #9 at 3.) Rule 54(c) prescribes that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Accordingly, the Court evaluates the requested damages pursuant to the complaint, not the motion.

"[A] plaintiff is entitled to a determination of liability unless [it] has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof." *Weft, Inc.*, 630 F. Supp. at 1143. For an enforceable contract to exist, there must be mutual assent to an exchange between competent parties, legal consideration, and sufficient certainty with respect to the subject matter and essential terms of the agreement. *See, e.g., Denver Truck Exch. v. Perryman*, 307 P.2d 805, 810 (1957); *see also Indus. Prods. Int'l, Inc. v. Emo Trans, Inc.*, 962 P.2d 983, 988 (Colo. App. 1997).

Plaintiff provided sufficient evidence of assent and sufficient certainty regarding the subject matter and essential terms of an agreement with Defendants. Plaintiff presented copies of the original promissory note executed by Defendants for $368,000, for which they are jointly and severally liable. (Docket #9-3 at 3, 5.) Plaintiff also included a sworn declaration by Tania A. Morell, Plaintiff's Vice President of Loan Servicing, explaining the total amount of the unpaid principal and accrued interest. (Docket #9.) Accepting Plaintiff's factual allegations as true, this Court determines that Plaintiff has alleged a viable claim for breach of contract in this matter and that Defendants are jointly and severally liable to Plaintiff.

**III.    Damages**

Plaintiff seeks relief against Defendants for the unpaid principal due on the note totaling $341,414.97,[2] for accrued interest on the unpaid amount at the rate of $84.47 *per diem* (totaling

---

[2]Plaintiff requests $342,006.26 in its motion. (Docket #9 at 3.) However, in the attached declaration of Ms. Morell and in the original complaint, the asserted unpaid principal is

$21,623.07 as of April 14, 2011), for attorneys' fees totaling $3,267.00, for costs incurred totaling $412.82, and for post-judgment interest pursuant to 28 U.S.C. § 1961. (Docket #1 at 3; docket #9-3 at 1-2.)

Plaintiff bears the burden to establish entitlement to recovery of damages against the defaulting Defendants. *Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, No. 08-cv-01114-RPM-MEH, 2009 WL 765872, at *7 (D. Colo. Mar. 20, 2009) (citing *Clague v. Bednarski*, 105 F.R.D. 552 (E.D.N.Y. 1985)). As previously stated, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Held*, 1994 WL 47157, at *1 (citation omitted).

Here, the amount due under the note is for a sum certain, and the amount of interest due and owing is one that may be made certain by computation. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006) (unpublished) ("[O]nce the facts regarding Mr. Craighead's liability on the notes were taken as true, all the court was required to do was calculate the amounts owed on the promissory notes and the interest."). Plaintiff presents the afore-mentioned sworn declaration by Ms. Morell and the promissory note in support of the relief it seeks. (*See* docket #9-3). Considering the evidence before the Court, and accepting the factual allegations of the complaint as true, the Court determines that Plaintiff has established Defendants' liability for the deficiency on the note under the terms of the note and is thus entitled to recovery of its damages against Defendants.

**IV.    Attorneys' Fees**

Plaintiff seeks an award of fees in the amount of $3,267.00 for 9.9 hours of work and $412.82 in costs for photocopies, postage, and filing fees in this matter. (*See* docket #9-4.) In

---

$341,414.97. The Court proceeds with sum stated in the complaint and supported by the sworn declaration. *See* Fed. R. Civ. P. 54(c).

evaluating a request for fees, a "basic point of reference ... is the bedrock principle known as the 'American Rule': Each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Kornfeld v. Kornfeld*, 393 F. App'x 575, 578 (10th Cir. 2010) (citing *Hardt v. Reliance Standard Life Ins. Co.*, --- U.S. ----, 130 S.Ct. 2149, 2156-57 (2010)). Thus, attorneys' fees are generally awarded where a contract, such as a promissory note, provides for an award of fees if a defendant fails to make payment under the contract. *See, e.g., Union Pac. R.R. Co. v. W. Int'l Grain Co.*, No. 07-CV-01028-RPM-CBS, 2008 WL 926545, at *2 (D. Colo. April 7, 2008).

A party requesting an award of fees and costs "bears the burden of establishing entitlement to the award and documenting the appropriate hours expended and hourly rates." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A good faith effort must be made "to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.

Here, Plaintiff seeks to recover its reasonable attorneys' fees and costs, pursuant to Defendants' agreement to pay attorneys' fees and costs for collection of unpaid amounts as reflected in the language of the promissory note.[3] (Docket #9-3 at 4.) Thus, pursuant to the agreement executed by Defendants, this Court concludes that Plaintiff has established an entitlement to its reasonable attorneys' fees and costs in this matter.

A review of Plaintiff's counsel's billing records reflects that his hours, hourly rate and cost expenses are reasonable for his attempted collection of the unpaid invoices in this case. (*See* dockets ##9-4, 9-5, 9-6, 9-7, 9-8.) The Court observes no excessive, redundant or unnecessary work on the part of Plaintiff's counsel. Therefore, this Court recommends that Plaintiff be awarded attorneys' fees in the amount of $3,267.00 and costs in the amount of $412.82.

---

[3]The promissory note executed by Defendants provides that "the note Holder shall be entitled to collect all reasonable costs and expenses of collection, including, but not limited to, reasonable attorneys' fees." (Docket #9-3 at 4.)

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's Motion for Default Judgment against Defendants Jeffrey M. Fenton and Kimberly V. Fenton [filed April 21, 2011; docket # 9] be **GRANTED** and that judgment be entered against Defendants in the total amount of three hundred seventy two thousand, nine hundred sixty eight dollars and sixty four cents ($372,968.64),[4] in addition to post-judgment interest at the rate specified in 28 U.S.C. § 1961 until the total amount is satisfied.

Respectfully submitted at Denver, Colorado, this 27th day of June, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[4]This total amount is the sum of $341,414.97 in principal, $27,873.85 in accrued interest (interest due as of April 14, 2011, was $21,623.07, accruing at a rate of $84.47 per diem for 74 days, to the date of this recommendation), $3,267 in reasonable attorneys' fees, and $412.82 in costs.